IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID DYKEHOUSE, KRISTINA BOSKOVICH, and ELIZABETH HAMBLIN, on behalf of themselves and all others similarly situated, | ) ) ) ) |
| | ) Case No. 1:18-cv-01225-JTN-ESC |
| Plaintiff, | ) ) |
| vs. | ) Hon. Janet T. Neff ) |
| THE 3M COMPANY, a Delaware Corporation, GEORGIA-PACIFIC LLC, a Delaware Corporation, and GEORGIA-PACIFIC CONSUMER PRODUCTS LP, a Delaware Limited Partnership | ) ) ) ) ) ) |
| Defendants. | ) ) |

A Rule 16 Scheduling Conference is scheduled for September 24, 2019 at 2:30 p.m. before Hon. Janet T. Neff. Appearing for the parties as counsel will be: Steven Liddle and Nicholas Coulson for Plaintiffs. Daniel L. Ring for Defendant The 3M Company, and Michael R. Shebelskie, Janet Ramsey, and Dean Pacific for Defendants Georgia-Pacific LLC and Georgia-Pacific Consumer Products LP.

1. <u>Jurisdiction</u>:   The basis for the Court's jurisdiction is:

   This Court has jurisdiction under 28 U.S.C. §1332(a) and/or §1332(d). Jurisdiction is proper because the amount in controversy exceeds $5,000,000, exclusive of interest and costs, this is an action between citizens of different states whereby there is complete diversity of parties, and Plaintiffs and the members of the class are citizens of a different state than Defendants. No Party objects to the Court's jurisdiction.

2. <u>Jury or Non−Jury</u>:   This case is to be tried before a jury.

3. <u>Judicial Availability</u>:   The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

4. <u>Statement of the Case</u>:   This case involves:

   According to the Amended Complaint, this case arises from the contamination of the City of Parchment, Michigan's municipal drinking water system with certain per- and polyfluoroalkyl

substances (PFAS) alleged to have originated in a former papermill's closed landfill. A predecessor of Georgia-Pacific Consumer Products LP once owned the landfill and deposited PFAS-containing material into it. Georgia-Pacific LLC was responsible for closing the landfill under an agreement with what was then the Michigan Department of Environmental Quality. The 3M Company is alleged to have invented, produced, and sold certain PFAS-containing products which Plaintiffs contend contaminated Parchment's municipal water after migrating from the landfill waste. Plaintiffs assert a variety of claims against the various Defendants, including nuisance, negligence, and products liability. They seek relief in the form of damages, injunctive relief, and medical monitoring.

Generally, the parties appear to agree with respect to the Georgia-Pacific Defendants' role in operating and closing the landfill. Defendants deny that they are liable to Plaintiffs and deny that this action is properly maintained as a class action.

5. <u>Prospects of Settlement</u>:   The status of settlement negotiations is:

The parties believe that it would be premature to discuss settlement of this case given the pending motions to dismiss and the extent to which several critical undecided issues of law will impact the litigation and the early stage of the proceedings.

6. <u>Pendent State Claims</u>:   This case does not include pendent state claims.

7. <u>Joinder of Parties and Amendment of Pleadings</u>:   Factual developments could necessitate amendments to the pleadings in the early stages of discovery (within six months), though the parties view this as unlikely. Plaintiffs inform the Court that should class certification be denied in this case, it is their position that it would be appropriate to allow for an amendment which would bring forward the claims of class members in their individual capacities. To the extent that Plaintiffs contend that joinder of any additional individual claims in this action is appropriate, Defendant 3M reserves the right to oppose such joinder, notes that any such motions for leave to amend are not presently before the Court, and believes that further discussion of this potential motion practice can be deferred for another time if necessary.

8. Disclosures and Exchanges:

    (a)  FED. R. CIV. P. 26(a)(1) requires initial disclosures unless the Court orders otherwise.   The parties propose the following schedule for Rule 26(a)(1) disclosures:

    30 days after the Rule 16(b) conference.

    (b) and (c)  The parties believe that discovery in this case should not be bifurcated but that it makes sense to have separate deadlines for exchanging expert reports which would be used for class certification and those which would be used for the merits of the case. The parties submit that it would be beneficial to establish theses dates after the Defendants' pending motions to dismiss are decided.

    (d)  The parties have agreed to make available the following documents without the need of a formal request for production:

Defendant Georgia Pacific has agreed to make production of certain documents which have been produced in other litigation and/or to regulators related to the alleged landfill at the earliest practicable time. Plaintiffs have similarly agreed to produce documentation relating to their interests in their homes, water tests, and blood tests (if any), at the earliest practicable time.

The parties agree that certain, but potentially not all, documents produced by 3M in other PFAS litigation are likely relevant to this case. The parties will attempt to identify certain categories of these documents to be produced on a voluntary basis, without prejudice to any party's right to seek further documents in the ordinary course of discovery.The parties agree to further confer on potential means to streamline discovery with a focus on discovery relevant to class certification.

9.   Discovery:   The parties believe that, in light of the pending motions and their potential impact on discovery, the parties should begin discovery not dependent on the resolution of the motions and then meet and confer within 30 days following a ruling on the pending motions to present the Court with a further proposed scheduling order (or any disputes on a proposed scheduling order) for discovery leading to briefing and resolution of the class certification motion and any *Daubert* challenges to experts used for class certification.  Following resolution of any class certification motion and any *Daubert* challenges to class certification experts, the parties again would confer and propose a further schedule for merits discovery subject to any appeals that might be taken from any class certification rulings.   :

Primary issues on which discovery may be required include: various issues specific to The 3M Company's development, manufacture, and sale of the particular PFAS products sold to the relevant entities; issues related to the waste disposed of in the landfill and the manner of the landfill's closure; potential alternate sources of PFAS,  the fate and transport of contaminants from the landfill; the impacts of the PFAS contamination on users of Parchment's water system (including risks of exposure) if medical monitoring relief survives dismissal.  As to named plaintiffs, and depending on which claims remain after motions are decided, the ownership, status of liens on, property tax, real estate assessments history, property tax appeals, history of remodeling or upgrades/improvements to property, water testing records, blood serum testing for presence of any PFAS, medical records (likely only in relation to medical monitoring), among other areas; and the Plaintiffs' damages. Many of these issues will need to be evaluated initially in terms of the case's suitability for class certification and the claims of the named plaintiffs and putative class representatives, but the parties do not believe that discovery should formally be bifurcated , except that any discovery should be prioritized to first focus on that necessary for class certification motion practice recognizing that certain discovery, including merits expert discovery, may be deferred pending further order of the Court.

The parties agree that additional discovery may be required given the scope and complexity of this case. They submit that it would be appropriate to allow 50 interrogatories per party as against any other party, and between 25 and 40 depositions per Side[1] (exclusive of expert and third party depositions). At present, the parties believe that the presumptive time limits for

---

[1] The "Sides" are (1) Plaintiffs; (2) the Georgia-Pacific Defendants collectively; and (3) 3M.

depositions are adequate, provided that, when multiple parties have requested a deposition, each party has adequate opportunity to examine the witness.

10.   Disclosure or Discovery of Electronically Stored Information:   The parties have discussed the production of electronically stored information and are working on a proposed ESI Protocol to submit to the Court (or to submit any disputes if the parties cannot reach agreement).  In addition, the parties are working on a proposed Protective Order to submit to the Court (or to submit any disputes if the parties cannot reach agreement).

[

11.   Assertion of Claims of Privilege or Work−Product Immunity After Production:

  The parties agree that the protections afforded by Fed. R. Civ. P. 26(b)(5) are generally appropriate to govern any circumstance where a party produces documents or information and later asserts a claim of attorney-client privilege, attorney work-product, or other protection or immunity from discovery with respect to such documents or information after production. Nonetheless, the parties will confer on a proposed order and protocol that will govern applicable procedures with respect to any privileged discovery materials that are inadvertently produced. The parties will also confer on a proposed order invoking the protections of Fed. R. Evid. 502(d).

12.   Motions:   The parties acknowledge that a pre−motion conference is required before filing any dispositive motion, and no motion papers shall be filed until the motion has been fully briefed.

The parties acknowledge that W.D. Mich. LCivR 7.1(d) requires the moving party to ascertain whether the motion will be opposed, and in the case of all nondispositive motions, counsel or pro se parties involved in the dispute shall confer in a good−faith effort to resolve the dispute.   In addition, all nondispositive motions shall be accompanied by a separately filed certificate.

The following dispositive motions are contemplated by each party:

In addition to all current pending motions, Defendants anticipate filing for Summary Judgment .Plaintiffs also reserve the right to move for Summary Judgment as to certain issues/claims.

13.   Alternative Dispute Resolution:    In the interest of conserving judicial resources, the parties acknowledge that the Court will require the parties to participate in some form of Alternative Dispute Resolution.

Subject to further developments, the parties initially recommend that this case be submitted to voluntary facilitative mediation using a mediator to be selected by the parties (or failing agreement, by the Court) at such a time as there has been sufficient factual and legal development of the claims at issue for the parties to conduct a full evaluation of the strengths and weaknesses of their cases.

14.   Length of Trial:   Counsel hesitate to estimate the length of trial given the variance that may occur based on differing proofs required and determination of whether the case will proceed as an individual action or class action and, if so, as to which claims.

15.     Electronic Document Filing System:    Counsel are reminded that Local Civil Rule 5.7(a) requires attorneys to file and serve all documents electronically, by means of the Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule.   Pro se parties (litigants representing themselves without the assistance of a lawyer) must submit their documents to the Clerk on paper, in a form complying with the requirements of the local rules.   Counsel opposing a pro se party must file documents electronically but serve pro se parties with paper documents in the traditional manner.

16.    Other:    Set forth any special characteristics that may warrant extended discovery, accelerated disposition by motion, or other factors relevant to the case.

| | |
|---|---|
| Liddle & Dubin, PC | Mayer Brown LLP. |
| by:/s/ Nicholas A. Coulson | by:/s/Daniel L. Ring |
| Steven D. Liddle (P45110)<br>Nicholas A. Coulson (P78001)<br>975 E. Jefferson Avenue<br>Detroit, MI 48207<br>(313) 392-0015<br>sliddle@ldclassaction.com<br>ncoulson@ldclassaction.com | Michael A. Olsen<br>Daniel L. Ring<br>Richard Bulger<br>Peter B. Baumhart<br>71 South Wacker Drive<br>Chicago, IL 60606<br>(312) 782-0600<br>molsen@mayerbrown.com<br>dring@mayerbrown.com<br>rbulger@mayerbrown.com<br>pbaumhart@mayerbrown.com |
| *Attorneys for Plaintiffs and the Putative Class* | Robert L. DeJong (P12639)<br>Miller, Canfield, Padock and Stone, PLC<br>99 Monroe Avenue NW, Suite 1200<br>Grand Rapids, MI 49503<br>(616) 454-8656<br>infante@millercanfield.com<br>dejong@millercanfield.com |
| | *Attorneys for Defendant The 3M Company* |
| | by: /s/ George P. Sibley III |
| | Michael Shebelski<br>Alexandra Cunningham<br>Douglas Garrou<br>George P. Sibley, III<br>HUNTON ANDREWS KURTH LLP<br>951 Byrd Street<br>Riverfront Plaza, East Tower<br>Richmond, VA 23219<br>(804) 788-8200<br>mshebelskie@hunton.com<br>acunningham@hunton.com<br>dgarrou@hunton.com<br>gsibley@hunton.com |
| | Janet Ramsey<br>Dean Pacific<br>Warner Norcross + Judd LLP<br>111 Lyon, N.W. Suite 900<br>Grand Rapids, MI 49503 |

(616) 752-2424
jramsey@wnj.com
dpacific@wnj.com

*Attorneys for Defendants Georgia-Pacific LLC and Georgia-Pacific Consumer Products LP*