UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DYKEHOUSE, et al.,

      Plaintiffs,

v.

THE 3M COMPANY, et al.,

      Defendants.

_____/

Case No. 1:18-cv-1225

HON. JANET T. NEFF

## CASE MANAGEMENT ORDER

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| ESI and Protective Order Filings | OCTOBER 8, 2019 |
| Rule 26(a)(1) Disclosures | OCTOBER 24, 2019 |
| Disclose Name, Address, Area of Expertise and provide a short summary of expected testimony of all testifying experts (preliminary experts) (Rule 26(a)(2)(A)) | AUGUST 28, 2020 |
| Disclosure of Expert (preliminary experts) Witness Reports (Rule 26(a)(2)(B)) | AUGUST 28, 2020 |
| Completion of Discovery<br>    Phase I:<br>    Phase II: | <br>MAY 29, 2020<br>NOVEMBER 24, 2020 |
| Interrogatories will be limited to:<br>(Single Part Questions) | 50 single part questions |
| Depositions will be limited to:<br>(Fact Witnesses Per Party Group) | 40 per party group |
| Requests for Admission will be limited to:<br>(Per Party Group) | 50 per party group |
| ADR To Take Place On Or Before: | NOVEMBER 27, 2020 |

1. DISCLOSURES AND EXCHANGES: Deadlines for exchange of Rule 26(a)(1) disclosures, names of lay witnesses, identification of experts, voluntary exchange of documents, and disclosure of expert reports under Rule 26(a)(2), if applicable, are ordered as set forth in the table above.

2. DISCOVERY: Discovery proceedings shall be completed no later than the date set forth in the table above, and shall not continue beyond this date. Discovery shall proceed regardless of the motions pending before this court. All interrogatories, requests for admissions, and other written discovery requests must be served no later than thirty days before the close of discovery. Depositions must be completed before the close of discovery. Interrogatories will be limited as set forth in the table above. Depositions will be limited as set forth in the table above. There shall be no deviations from this order without prior approval of the court upon good cause shown. Time limitations for depositions set forth in Rule 30(d)(1) apply to this case.

3. MOTIONS:

    a. Non-dispositive

    Non-dispositive motions shall be filed in accordance with W.D. Mich. LcivR. 7.3. They may be referred to a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1)(A). In accordance with 28 U.S.C. § 471 *et seq.*, it is the policy of this Court to prohibit the consideration of discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion. *See* W.D. Mich. LcivR 7.1(d).

    b. Dispositive

        i. Pre-Motion Conference

            (1) **A pre-motion conference with the Court is required before filing any dispositive motion**, except no pre-motion conference is required before filing a post-trial motion, a bankruptcy appeal, or a dispositive motion in a case referred to a magistrate judge.

            (2) To arrange a pre-motion conference, the movant shall file a Pre-Motion Conference Request, not to exceed three (3) pages, with a brief description of the grounds for such motion. Each party served with a Pre-Motion Conference Request must file a Response to Pre-Motion Conference Request within seven (7) days; the response shall not exceed three (3) pages. Opposition to requests for a pre-motion conference will not be considered.

   (3) At the pre-motion conference, the Court will determine a briefing schedule.

 ii. Statements of Material Facts on Motion for Summary Judgment

   (1) Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Each paragraph must be followed by citation to the evidence. Failure to submit such a statement may constitute grounds for denial of the motion.

   (2) There shall be annexed to the response to the motion for summary judgment a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried. Each paragraph must be followed by citation to the evidence.

   (3) Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party.

 iii. Filing of Dispositive Motion Papers

   (1) **No motion papers shall be filed until the motion has been fully briefed.**

   (2) The movant must serve each party on the briefing schedule due date with a hard copy of the motion, all supporting papers, and a cover letter stating whom the movant represents and which documents are attached. A copy of the proof of service <u>only</u> shall be filed.

   (3) Opposing parties must serve the movant on the briefing schedule due date with two copies of their response papers (one copy is for inclusion in the later submission to Chambers pursuant to Administrative Order 07-026). A copy of the proof of service <u>only</u> shall be filed.

      (4)      Any further motion papers shall be served in the above manner on the due date. A copy of the proof of service <u>only</u> shall be filed.

      (5)      **Each party is responsible for filing its motion papers via ECF on the day the motion is fully briefed, with the moving party first filing the motion. Once the moving party has filed the motion, response and reply documents may be electronically filed.** Pursuant to Administrative Order 07-026, upon filing of the motion, the movant shall also provide Chambers with a <u>full set</u> of courtesy copies of the motion papers together with a cover letter specifying each document in the package.

    iv.    Dispositive motions must adhere to W.D. Mich. LcivR 7.2. If dispositive motions are based on supporting documents such as depositions or answers to interrogatories, then only those excerpts that are relevant to the motion shall be filed.

    v.    Oral argument may be requested pursuant to W.D. Mich LcivR 7.2(d). The Court may schedule oral argument or may, in its discretion, dispose of the motion without argument at the end of the briefing schedule. To request oral argument on a motion, state "ORAL ARGUMENT REQUESTED" in the caption and the heading of the brief.

    vi.    In cases where counsel wishes to project evidence on the monitors in the courtroom, projection of exhibits is accomplished by using the electronic evidence presentation equipment in the courtroom. The evidence presentation allows for the projection of evidence on various monitors located at the bench, the witness stand, the lectern, the jury box, and the counsel tables. This technology eliminates the cumbersome process of handling paper evidence. Counsel planning to use the equipment are encouraged to contact the Court's IT department well in advance of their court proceeding to inquire about training and practice sessions. Practice sessions and testing of the equipment must occur prior to the day of a scheduled court appearance. You may contact the Court's IT department by sending an e-mail to courttech@miwd.uscourts.gov or by calling (616) 456-2523. Information concerning the features of the system are available at the court's website: www.miwd.uscourts.gov (Click on *Courtroom Technology* link). *Counsel is also advised to notify chambers - in advance of the motion hearing - of its intentions to use technology resources in the courtroom.*

4.    <u>ALTERNATIVE DISPUTE RESOLUTION</u>: In the interest of facilitating prompt resolution of this case, and the parties having voluntarily selected facilitative mediation, this matter shall be submitted to facilitative mediation. The parties have fourteen (14) days from the date of this Order to jointly choose one mediator. Plaintiffs are responsible for e-filing

notification of the name of the selected mediator.  If the parties are unable to jointly select a mediator, they must notify the ADR Administrator[1], who will select a mediator for them. Once the mediator is selected, a Notice will issue regarding the method and schedule for the mediation conference.

Dated: September 24, 2019           /s/ Janet T. Neff                          
                                    JANET T. NEFF
                                    UNITED STATES DISTRICT JUDGE

---

[1] ADR Administrator, U.S. District Court, 399 Federal Building, 110 Michigan St., NW, Grand Rapids, MI 49503; 616/456-2381; adr@miwd.uscourts.gov