UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID DYKEHOUSE, et al.,

    Plaintiffs,

v.

THE 3M COMPANY, et al.,

    Defendants.
_____/

Case No. 1:18-cv-1225

Honorable Hala Y. Jarbou

## ORDER

Before the Court are two motions to dismiss for failure to state a claim, one brought by Defendant Georgia-Pacific LLC (ECF No. 68), and one brought by the 3M Company (ECF No. 76). Georgia-Pacific sought to dismiss Plaintiffs' "medical monitoring claims and [medical monitoring] relief sought." 3M requested dismissal of the public and private nuisances claims brought against it[1] and also challenged Plaintiffs' request for medical monitoring.

Both Georgia-Pacific and 3M argue that medical monitoring is neither an independent cause of action nor a valid remedy under Michigan law.[2] They rely heavily on *Henry v. Dow Chemical Co.*, 701 N.W.2d 684 (Mich. 2005), for both propositions. *Henry* held that medical monitoring is not an independent cause of action in Michigan tort law, and portions of the decision strongly indicate that medical monitoring would not be an attainable remedy in this case. *See*

---

[1] The nuisance claims against 3M were dismissed by stipulation (ECF No. 60) and this portion of 3M's motion is thus moot.

[2] The present case is in federal court through diversity jurisdiction and is therefore governed by Michigan law.

*Henry*, 701 N.W. 2d at 698-99 (Court expresses extreme reservations about judiciary administering large-scale medical monitoring programs where thousands of people were exposed to a potentially toxic chemical).

However, Georgia-Pacific and 3M mischaracterize Plaintiffs' complaint. Nowhere do Plaintiffs state a *claim* for medical monitoring; they seek it as a *remedy*. (*See* First Am. Compl. 38, ECF No. 36.) Hence, the only question is whether medical monitoring is a valid remedy. Though Plaintiffs' prospects for acquiring medical monitoring as a remedy may be dim, those prospects are not properly challenged by motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Broadly speaking, a Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). So long as it plausibly alleges facts giving rise to a valid cause of action, a complaint will survive a Rule 12(b)(6) motion to dismiss. The availability or unavailability of a particular remedy does not bear on the sufficiency of Plaintiffs' complaint or the causes of action it states. There are no grounds for granting the motions to dismiss.

Accordingly,

**IT IS ORDERED** that Defendant Georgia-Pacific's motion to dismiss (ECF No. 68) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant 3M's motion to dismiss (ECF No. 76) is **DENIED**.

Dated:   January 4, 2021                                /s/ Hala Y. Jarbou
                                                        HALA Y. JARBOU
                                                        UNITED STATES DISTRICT JUDGE