IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID DYKEHOUSE, KRISTINA BOSKOVICH, and ELIZABETH HAMBLIN, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>THE 3M COMPANY, GEORGIA-PACIFIC LLC, and GEORGIA-PACIFIC CONSUMER PRODUCTS LP,<br><br>     Defendants. | Case No. 1:18-cv-1225<br><br>Hon. Hala Y. Jarbou |

**ORDER PRELIMINARILY APPROVING SETTLEMENT,
CONDITIONALLY CERTIFYING CLASS FOR SETTLEMENT PURPOSES,
APPROVING FORM AND MANNER OF CLASS NOTICE, AND
<u>SETTING DATE FOR FAIRNESS HEARING</u>**

Named Plaintiffs David Dykehouse, Kristina Boskovich, and Elizabeth Hamblin, on behalf of themselves and the proposed Settlement Class, seek preliminary approval of the Settlement Agreement in its entirety and approval of the notice procedure, including without limitation conditional certification of the proposed Settlement Class, the proposed Class Notice (Exhibit 1 to the Settlement Agreement), the proposed Claim Form (Exhibit 2 to Plaintiffs' Motion for Preliminary Approval), and all of the requirements for potential Class Members to either opt-out or object.

This Court, having reviewed the pleadings in the case and the submissions of the parties with respect to preliminary approval of the proposed Settlement Agreement, and for good cause shown;

IT IS HEREBY ORDERED, this <u>29th</u> day of <u>  April  </u>, 2021, that pursuant to Federal Rule of Civil Procedure 23(e):

1.      This Order incorporates by reference the definitions in the Settlement Agreement (a copy of which is attached to Plaintiff's Unopposed Motion for Preliminary Approval), and all capitalized terms used in this Order will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Order.

2.      The Settlement Agreement, together with its attached exhibits and/or referenced documents, sets forth the terms and conditions for the proposed Settlement and dismissal with prejudice of the class action Litigation against Defendants.  The Settlement Agreement was the result of extended good faith, arm's-length negotiations by the parties, including two days of mediation with a court-approved neutral, and continued negotiations thereafter.

3.      The Court will direct notice to the Class because giving notice is justified by Plaintiffs' showing that the Court will be able to approve the Settlement Agreement under Rule 23(e)(2) and certify the Class for purposes of the proposed Settlement. Specifically, the Settlement preliminarily appears to be (a) fair, reasonable, and adequate in light of the relevant factual, legal, practical, and procedural considerations of the Litigation, (b) free of collusion to the detriment of Class Members, and (c) within the range of possible final judicial approval, subject to further consideration thereof at the Fairness Hearing as described below.  The Class appears likely to satisfy the requirements of Rule 23(a) and Rule 23(b)(3) for settlement purposes. Accordingly, the Settlement Agreement and the Settlement are sufficient to warrant notice thereof and a full hearing on the Settlement.

4.      If, for any reason, the Settlement Agreement is not finally approved or does not become effective, this Order, including but not limited to the conditional Class certification, shall be null and void and automatically deemed vacated.  Neither the Settlement Agreement nor anything related to the negotiation, consideration, or approval of it shall be used, referred to,

proffered, or admissible for any purpose in this Litigation or any other action or proceeding. In such event, the Parties and the putative Class Members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement Agreement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement, including opposing class certification on any and all grounds (including but not limited to Rule 23(a) and Rule 23(b)(3)). In such event, the Parties must also promptly schedule a status conference to establish a new scheduling order for the continuation of the Litigation.

5. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rule 23(a) and (b)(3), this Court hereby conditionally certifies the Class:

> all Persons who (i) owned, leased, rented, or resided in homes or residential properties serviced by the Parchment Water System as of July 26, 2018; and (ii) have not brought individual actions for personal injury or illness based on exposure to PFAS present in the Parchment Water System; provided, however, that the "Class" shall not include (i) Defendants, their corporate officers, or their legal counsel in this Action; (ii) Class Counsel, including its partners, members, and shareholders; or (iii) the judge to whom this Action is assigned, any member of the judge's immediate family, or any other judicial officer assigned to this case.

6. The Court preliminarily appoints Plaintiffs David Dykehouse, Kristina Boskovich, and Elizabeth Hamblin as the representatives of the Settlement Class. Pursuant to Rule 23(g), the

Court appoints Liddle & Dubin, P.C. as Class Counsel, finding that Class Counsel is well-qualified and experienced in environmental class action litigation.

7. KCC Class Action Services, LLC is hereby appointed as Class Administrator to provide notice to the Class and administer the Settlement.

8. The proposed form, content, and procedures of notice to the Class Members are approved. The notice to be provided to the Class Members clearly, concisely, and in plain language advises them of, among other things, the nature of the Litigation, the proposed Settlement Agreement, the definition of the Class, the claims the Settlement Class would release, the consideration the Settlement Class would receive, Class Counsel's intended application for attorneys' fees and expenses and monetary awards for the Plaintiffs, Class Members' right to participate individually or through an attorney and object to the Settlement Agreement or any portion of it, Class Members' right to opt out and exclude themselves from the Settlement Agreement, and the binding nature of the Settlement Agreement if it is ultimately approved. The Notice to be provided to the putative Settlement Class Members is the best notice practicable under the circumstances, and constitutes due and sufficient notice of the proposed Settlement Agreement and this Order to all persons affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Rule 23 and due process.

9. Within twenty-eight (28) days of entry of this Order, (a) the Class Administrator shall begin providing notice of the proposed Settlement Agreement and the Fairness Hearing to all Class Members, including by (i) mailing the written Class Notice, along with a Claim Form to each reasonably identifiable address within the Class defintion; (ii) a Michigan-wide media campaign comprised of 1/8-page ads in the *Grand Rapids Press*, *Detroit News & Detroit Free Press Combo*, *Lansing State Journal*, *Kalamazoo Gazette* and *Flint Journal;* (iii) internet banner

ads creating approximately 1,308,050 impressions on websites and Facebook over a 30-day duration; and (iv) the establishment and maintenance of a case website that will contain relevant case documents, important dates, frequently asked questions and allow Class Members to file claims online.

10. As set forth the Settlement Agreement, costs and expenses for administration of Settlement shall be reimbursed from the Settlement Fund subject to the Court's approval.  In no event will Defendants be responsible for paying costs and expenses associated with the administration of the Settlement beyond their respective contributions to the Settlement Fund.

11. Any Class Member wishing to be excluded from the Settlement Class shall mail an Opt Out request to Class Counsel conforming in all respects to the terms and provisions of the Class Notice.  Those who timely and properly do so shall neither participate in the Settlement nor release their claims, and shall forego (a) all of the benefits they might otherwise receive as a result of the settlement and (b) their standing to participate in the Settlement Fairness Hearing or object to the proposed Settlement or any portion of it.  Failure to Opt Out in strict compliance with the time and manner requirements set forth in the Class Notice shall result in waiver of the right to Opt Out. All potential Settlement Class Members who either do not attempt to or fail to properly and timely opt out shall remain part of the Settlement Class and, to the extent the Settlement Agreement is ultimately approved, shall be bound by the settlement.

12. The Class Notice shall designate the Class Administrator as the entity to whom Opt Out requests shall be sent.  The Class Administrator shall be responsible for the receipt of all responses from Class Members and shall preserve all Opt Out requests and any and all other written communications from Class Members or any other person in response to the Class Notice until administration of the Settlement is complete or pursuant to further Order of this Court.  All written

communications received from Class Members and all written responses to inquiries by them relating to the Settlement Agreement and Settlement shall be available at all reasonable times for inspection and copying by counsel for Defendants, subject to further Order of the Court if issues of privilege or confidentiality arise.

13. Any Class Member who does not attempt to or fails to properly and timely Opt Out of the Settlement Class may, but is not required to, enter an appearance either *pro se* or through counsel of said Settlement Class Member's own choosing and expense.  Any Settlement Class Member who does not enter a separate appearance shall be represented by Class Counsel. Settlement Class Members who are in favor of the proposed Settlement need not appear at the Settlement Fairness Hearing or take any other action to indicate their approval.

14. Any Settlement Class Member who will challenge or object to the fairness, reasonableness, or adequacy of the Settlement Agreement or any portion of the settlement, including without limitation the amount of Class Counsel's requested fees and expenses or the amount of Plaintiffs' incentive awards must remain part of the Settlement Class and must serve on the Parties a timely and valid statement of Objection that complies with the Objection procedure described in the Class Notice. Class Counsel shall file all such Objections with the Court at least 14 days prior to the Fairness Hearing. Any objecting Settlement Class Member may appear at the Fairness Hearing in person, with or without such Class Member's separate counsel.  The scope of any objector's presentation of evidence or argument at the Settlement Fairness Hearing shall be limited to such objector's written Objection.  Any Settlement Class Member who fails to file and serve an Objection in strict compliance with the deadlines and procedures, and containing the information required by the Class Notice, shall be deemed to have forever waived and forfeited the right to object to the proposed Settlement Agreement or any part of the Settlement or to raise

or pursue an Objection at the Fairness Hearing or at any point thereafter, including on appeal or as part of a separate proceeding.

15. Within ten days of the filing of the Motion for Preliminary Approval, Defendants' counsel shall send notice to the United States Attorney General, the Attorney General for the State of Michigan, and the Michigan Department of Natural Resources. Each such notice shall contain all of the information required under 28 U.S.C. § 1715. At least seven (7) days prior to the Fairness Hearing, Defendants' counsel shall file a report with the Court confirming that these notices were timely sent.

16. All other events contemplated under the Settlement Agreement to occur after this Order and before the Settlement Fairness Hearing described in this Order shall be governed by the Settlement Agreement, to the extent not inconsistent herewith.

17. All memoranda, affidavits, declarations, and other evidence in support of the request for final approval of the Settlement Agreement and Class Counsel's request for approval of attorneys' fees and costs and the Named Plaintiffs' awards shall be filed on or before August 25, 2021.

18. A Fairness Hearing shall be held before the undersigned at _____10:00 a.m._____ on _September 1, 2021_, in the United States District Court for the Western District of Michigan, Lansing Division, 113 Federal Bldg, 315 W. Allegan St, Lansing, Michigan 48933, to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the entry of any final order or judgment in the action, any application for attorneys' fees and costs, payments to the Named Plaintiff, and other related matters. The Fairness Hearing

may be postponed, adjourned, conducted virtually or continued by further Order of this Court without further notice to the Class.

19. All proceedings in the action other than such as may be necessary to carry out the terms and conditions of the Settlement Agreement or the responsibilities related or incidental thereto are stayed and suspended until further notice of this Court. Pending final determination of the fairness, reasonableness, and adequacy of the proposed Settlement, no Class Member, other than those who timely and properly have opted out of the Class, may either directly or indirectly prosecute, institute, or commence any individual or class action with respect to the subject matter of this Litigation.

20. Class Counsel is hereby appointed to coordinate and effectuate the administration of Settlement.

SO ORDERED.

Dated: April 29, 2021

/s/ *Hala Y. Jarbou*
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE