IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| DAVID DYKEHOUSE, KRISTINA BOSKOVICH, and ELIZABETH HAMBLIN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE 3M COMPANY, GEORGIA-PACIFIC LLC, and GEORGIA-PACIFIC CONSUMER PRODUCTS LP,<br><br>        Defendants. | Case No. 1:18-cv-1225<br><br>Hon. Hala Y. Jarbou |

## FINAL JUDGMENT AND ORDER

Pursuant to the Order Preliminarily Approving Settlement, Conditionally Certifying Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Fairness Hearing, dated __April 29__, 2021 (the "Preliminary Approval Order") and on application for final approval of the proposed Settlement, this matter came before the Court for the Fairness Hearing on __September 1__, 2021.

The Plaintiffs, on behalf of themselves and the Settlement Class Members, seek final approval of the Settlement in its entirety, including an award of attorneys' fees and expenses (including the costs of settlement notice and administration) to Class Counsel, incentive awards to Plaintiffs, and the allocation of the remaining funds to the Settlement Class Members. The Parties, through their counsel, attended and participated in the Fairness Hearing.

Pursuant to the Preliminary Approval Order, notice of the Settlement was given to Class Members, which was adequate and sufficient notice of the proposed Settlement and the Fairness

Hearing.  Among other things, the notice advised Class Members of the opportunity to object to the proposed settlement or to opt out of the Settlement Class.  Notice of the proposed Settlement was also properly given to the appropriate state and federal agencies pursuant to 28 U.S.C. § 1715.  No objections were made to the Settlement.

The Court, having read and fully considered the terms of the Settlement Agreement and all related submissions, and finding that good cause having been shown:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1. Except as otherwise defined herein, all initial-capitalized terms used in this Order shall have the same meaning ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over this Action and the parties to the Settlement Agreement, including the Settlement Class Members.

3. Having considered that a class action settlement should be approved only if it is fair, reasonable, and adequate after comparing the terms of the settlement with the likely rewards of litigation, *see* Rule 23(e)(2); in light of and having considered the relevant authority, and having considered negotiation of, the terms of, and all of the materials submitted concerning the Settlement Agreement; having considered the Plaintiffs' likelihood of success on the claims in the Complaint at trial and the possibility that Defendants could prevail on one or more of the defenses pleaded in their answers; having considered the range of the Plaintiffs' (and the putative litigation class's) possible recovery and the complexity, expense, and duration of the Action; and having

considered the substance and amount of opposition to the proposed settlement, it is hereby determined that:

      (i)     the Settlement was entered into in good faith, being fairly and honestly negotiated;

      (ii)    the outcome of the Action is in doubt;

      (iii)   it is possible a Settlement Class Member could receive more if the Litigation were to go through trial, but that it is also quite possible that a Settlement Class Member could receive less and/or that Defendants could defeat certification of a litigation class;

      (iv)   the value of immediate recovery outweighs the possibility of future relief which would likely occur, if at all, only after further protracted litigation and appeals;

      (v)    the Parties have in good faith determined the Settlement is in their respective best interests, including both the Plaintiffs and Class Counsel determining that it is in the best interest of the Settlement Class Members;

      (vi)   the aggregate consideration is commensurate with the claims asserted and that will be released as part of the Settlement; and

      (vii)  the proposed Settlement's terms fall well within the range of settlement terms that would be considered fair, reasonable, and adequate resolution of the Action.

Therefore, pursuant to Rule 23(e), the terms of the Settlement relating to the above-captioned Action are hereby finally approved as fair, reasonable, and adequate as to, and in the best interest of, the Settlement Class and each of the Settlement Class Members, in light of the factual, legal, practical, and procedural considerations raised by this Action. The Court further finds

that the Settlement complies with the applicable requirements under Michigan and Federal law, the Rules of the Court, any other applicable law, and due process requirements.

4. Solely for the purpose of settlement in accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(3)(A)-(C), this Court hereby finally certifies the following Settlement Class:

> all Persons who (i) owned, leased, rented, or resided in homes or residential properties serviced by the Parchment Water System as of July 26, 2018; and (ii) have not brought individual actions for personal injury or illness based on exposure to PFAS present in the Parchment Water System; provided, however, that the "Class" shall not include (i) Defendants, their corporate officers, or their legal counsel in this Action; (ii) Class Counsel, including its partners, members, and shareholders; or (iii) the judge to whom this Action is assigned, any member of the judge's immediate family, or any other judicial officer assigned to this case.

Excluded from the Settlement Class are all Class Members listed on Exhibit 1, each of whom timely complied with the requirements set forth in the Class Notice to exclude themselves from and Opt Out of the Settlement Class and the Settlement; thus, none of the individuals identified on Exhibit 1 are bound by this Final Judgment and Order or may receive benefits under the Settlement.

5. The Court finally appoints Named Plaintiffs David Dykehouse, Kristina Boskovich, and Elizabeth Hamblin as representatives of the Settlement Class. Pursuant to Rule 23(g), the Court appoints Liddle & Dubin, P.C. as Class Counsel.

6. Pursuant to Rule 23(e)(1) and all applicable law, notice was properly given to the Class Members in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order.  Both forms of the Class Notice, which the Court approved in the Preliminary

Approval Order, are written in plain English, and are clear, concise, and readily understandable. Class Notice included (i) mailing the written Notice, along with a Claim Form to each reasonably identifiable address within the class area; (ii) a Michigan-wide media campaign comprised of 1/8-page ads in the *Grand Rapids Press*, *Detroit News & Detroit Free Press Combo*, *Lansing State Journal*, *Kalamazoo Gazette* and *Flint Journal;* (iii) internet banner ads creating approximately 1,308,050 impressions on websites and Facebook over a 30-day duration; and (iv) the establishment and maintenance of a case website containing relevant case documents, important dates and frequently asked questions and allowing class members to file claims online. The Court finds that the notification provided for and given to the Class (a) constitutes the best notice practicable under the circumstances; (b) was reasonably calculated to apprise Class Members of the existence of and their rights related to the Action and the terms and conditions of the proposed Settlement; (c) constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (d) is in full compliance with all applicable requirements of Michigan and Federal law, the Rules of the Court, any other applicable law, and due process requirements.

7. Pursuant to 28 U.S.C. § 1715, notice was properly given to the appropriate federal and state agencies, including the United States Attorney General, the Attorney General for the State of Michigan, and the Michigan Department of Environment, Great Lakes, and Energy. Each such notice was provided more than ninety (90) days ago, thereby complying with the statutory notice period.

8. Pursuant to Rule 23(e), having ruled that due and adequate notice was provided to the Class Members and that they were afforded an opportunity to participate in the proceedings and object to the Settlement Agreement or to exclude themselves from the settlement by opting out of the Settlement Class, it is hereby determined that each Settlement Class Member (whether or not the Settlement Class Member objected, submitted a Claim Form, or otherwise participated

in the Action, the Settlement, or the approval process) shall be bound by the terms and provisions of the Settlement Agreement and this Final Judgment and Order, including the releases and covenants not to sue set forth in the Settlement Agreement, which are hereby incorporated by reference and become part of this Final Judgment and Order.

9. In accord with the Settlement Agreement, each of the Releasing Parties has expressly, intentionally, fully, finally, and forever released, waived, compromised, settled, and discharged all Released Claims. And each of the Releasing Parties is barred from asserting any of the Released Claims against any of the Released Parties;

10. Pursuant to the terms of the Settlement Agreement, within seventy-five (75) days of the date this Final Judgment and Order becomes final and non-appealable, Defendants shall fund the Settlement Fund, which shall be held by the Class Administrator in a Qualified Settlement Fund ("QSF") account under the Internal Revenue Code. Specifically, Defendants shall deposit the total sum of Eleven Million Nine Hundred Thousand Dollars ($11,900,000) by check or wire or electronic transfer to the Class Administrator in a QSF account established by the Class Administrator. The deposit by Defendants shall fully satisfy each and every obligation of Defendants to the Plaintiffs, Class Counsel, the Settlement Class, and each Settlement Class Member concerning this Action, the Settlement Agreement, and the Released Claims.

11. All claims against Defendants are hereby dismissed on the merits and with prejudice.

12. Class Counsel is hereby awarded $ 30,295.79 in costs and expenses of litigation (NOT including administration costs, which are to be paid to KCC from the settlement funds once approved by Class Counsel) and $ 3,900,000 in attorneys' fees. Each of the named Plaintiffs is awarded an incentive award of $5,000.

13. The Class Administrator shall administer the Settlement Agreement and distribute payment to Class Members in accordance with the Claim Processing and Payment Guidelines.

14. This Court hereby retains jurisdiction over all matters relating to the interpretation, performance, implementation, administration, and enforcement of the Settlement Agreement. The Court retains further jurisdiction to enforce this Final Judgment and Order and the distribution of the Settlement Fund. The reservation of jurisdiction by this Court in this matter does not affect in any way the finality of this Final Judgment and Order.

15. This Final Judgment and Order, the settlement, and all documents, negotiations, statements, or proceedings relating to it are not and shall not be construed to be an admission or concession by any Released Party of any liability or wrongdoing whatsoever, and shall not be offered as evidence of any such liability or wrongdoing in this or any other proceeding. Moreover, this Settlement Agreement and all related documents are not and shall not be construed to be an admission or concession by any Released Party of acquiescence to class certification in any case other than this case's Settlement Class for settlement purposes only. None of this information may be offered or received as evidence or argument against Defendants of any wrongdoing or to limit

their ability to take any position they would otherwise be able to take in this or any other proceeding absent the Settlement of the Action.

16. This Order and Final Judgment, the Settlement, and all papers relating thereto are not and shall not be construed to be an admission or concession by Plaintiffs with regard to the merits of their claims whatsoever, and shall not be offered as evidence as to the merits in this or any other proceeding.

17. There is no just reason for delay in the entry of this Final Judgment and Order as a final judgment. Furthermore, there is reason to enter and certify it as a final judgment, including without limitation that doing so will expedite any appeal, which, in turn, will shorten the time it will take for this Final Judgment and Order either (a) to become Final and non-appealable thereby expediting the distribution of the Settlement Fund to the Settlement Class Members or (b) to be overturned on appeal thereby facilitating a modified settlement or the reconvening of the Litigation. The Court expressly directs the Clerk of the Court to enter this Final Judgment and Order as a final judgment pursuant to Rule 54(b).

18. In the event that this Final Judgment and Order fails to become final and non-appealable for any reason, including without limitation that it is reversed on appeal and/or the Settlement Agreement is terminated, then this Final Judgment and Order, the Preliminary Approval Order, and all related orders from this Court shall be automatically rendered null and void and shall be deemed vacated. In such event, the Parties and the putative class members shall be returned to the same litigation position that they were in prior to seeking preliminary approval of the Settlement, and they shall be free to raise all claims, defenses, and arguments as they would have been able to had they never negotiated or sought approval of the Settlement.

This includes the Released Parties' right to oppose class certification on any and all grounds (including but not limited to Rule 23(a) and (b)(3)(A)-(C)).

The Clerk is directed to enter this Judgment forthwith as the final judgment of this Court.

**IT IS SO ORDERED.**

Dated:  September 1, 2021

/s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE